UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cr-147-MOC

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| vs. | ) |  |
|  | ) | **ORDER** |
| DOMINIQUE BERNARD TOWNES, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 57). Defendant is serving a 120-month sentence for conspiracy to distribute 500 grams or more of methamphetamine and possession with intent to distribute 500 grams or more of methamphetamine. (Doc. No. 51). Defendant seeks early release from prison under 18 U.S.C. § 3582(c)(1)(A) based on the COVID-19 pandemic. The Government has responded in opposition to the motion.

**I.     BACKGROUND**

Defendant was involved in trafficking methamphetamine from December 2019 to January 2020. (Doc. No. 45 at 6). On December 4, 2019, Defendant sold an undercover detective 27.5 grams of crystal methamphetamine in Huntersville, North Carolina. (Id.). A second undercover purchase occurred at the same location on December 11, 2019, and law enforcement obtained 81 grams of 96.8% pure methamphetamine. (Id.). An additional controlled purchase occurred December 23, 2019, for 82.6 grams of 74.2% pure methamphetamine. (Id.).

On January 17, 2020, a final controlled purchase was conducted for about one pound (455 grams) of methamphetamine from Defendant, again in Huntersville. (Id.). In each of the

-1-

controlled purchases, Defendant brought the drugs from his residence. (Id.). Law enforcement obtained a search warrant for the residence and recovered two rifles (an AR-15 style rifle and an AK style rifle), drug paraphernalia, and around one pound of marijuana. (Id.).

On May 1, 2020, Defendant was named in a two-count Bill of Information charging him with conspiracy to distribute a mixture and substance containing 500 grams or more of methamphetamine (Count One), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; and possession with intent to distribute a mixture and substance containing 500 grams or more of methamphetamine (Count Two), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (Doc. No. 32). On that same day, Defendant pled guilty to both counts in the Bill of Information. (Doc. No. 34). On May 11, 2021, this Court sentenced Defendant to 120 months of imprisonment on each count to be served concurrently. (Doc. No. 51).

Defendant is serving his sentence at Fort Dix FCI, with an anticipated release date of September 3, 2028. He has served around 28 months of his sentence. In his motion filed on May 5, 2022, Defendant states that prison inmates are vulnerable to COVID-19 and mentions that he suffers from sleep apnea and hypertension.[1] (Id. at 9, 10). Defendant also argues that he has served a sufficient sentence for his crime and that his mother needs his support to deal with her own health problems. (Id. at 11).

**II.    DISCUSSION**

By its terms, 18 U.S.C. § 3582(c)(1)(A) permits the Court to reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court

---

[1] On January 23, 2022, and March 10, 2022, Defendant requested compassionate release from the warden of Fort Dix FCI. (Doc. No. 57 at 1). The warden denied his requests.

-2-

Case 3:20-cr-00147-MOC-DCK   Document 64   Filed 07/01/22   Page 2 of 7

finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that he is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a non-binding policy statement addressing motions for reduction of sentences under § 3582(c)(1)(A).[2] As relevant here, the non-binding policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction"; (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and (iii) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The policy statement includes an application note specifying the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if

---

[2] In a recent decision, the Fourth Circuit determined that the policy statement is no longer binding on courts deciding compassionate release motions because U.S.S.G. § 1B1.13 was enacted before the First Step Act. United States v. McCoy, 981 F.3d 271 (4th Cir. 2020). Specifically, the Fourth Circuit held that the policy statement found in U.S.S.G. § 1B1.13 does not apply to compassionate release motions brought by inmates under 18 U.S.C. § 3582(c)(1)(A)(i). Id. at 281–83. The McCoy Court reasoned that, because Section 1B1.13 applies only to motions brought by the Bureau of Prisons, it cannot be the policy statement applicable in circumstances where defendants bring their own motions for compassionate release. Id. In place of the no-longer-applicable policy statement, McCoy permits "courts [to] make their own independent determinations of what constitutes an 'extraordinary and compelling reason[ ]' under § 3582(c)(1)(A), as consistent with the statutory language[.]" Id. at 284. The McCoy Court noted, however, that Section 1B1.13 "remains helpful guidance even when motions are filed by defendants." Id. at 282 n.7. Because this Court finds that the policy statement is extremely helpful in assessing motions for compassionate release brought by defendants, the Court will rely on it as guidance.

the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is: (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(B)-(C).

Finally, in addition to the non-binding policy statement, the Fourth Circuit has recently clarified that courts may make their own independent determinations as to what constitute "extraordinary and compelling reasons" to warrant a reduction of sentence under Section 3582(c)(1)(A). United States v. McCoy, 981 F.3d 271 (4th Cir. 2020).

The mere existence of the COVID-19 pandemic, which poses a general threat to every non-immune person in the country, cannot alone provide a basis for a sentence reduction. The conditions described in U.S.S.G. § 1B1.13 encompass specific serious medical conditions afflicting an individual inmate, not generalized threats to the entire population. As the Third Circuit has held, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

That does not mean, however, that COVID-19 is irrelevant to a court's analysis of a

motion under Section 3582(c)(1)(A). If an inmate has a chronic medical condition that has been identified by the CDC as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition may satisfy the standard of "extraordinary and compelling reasons." Under these circumstances, a chronic condition (i.e., one "from which [the defendant] is not expected to recover") reasonably may be found to be "serious" and to "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility," even if that condition would not have constituted an "extraordinary and compelling reason" absent the risk of COVID-19. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii)(I).

Defendant's request for a sentence reduction will be denied because he has failed to show extraordinary and compelling circumstances warranting his early release from prison. Defendant is 41 years old and states that he suffers from hypertension and sleep apnea. (Doc. No. 45). His medical records indicate, however, that he told medical staff at his institution that he did not have a history of high blood pressure or taking medicine for that condition. (Gov't Ex. 1). While these records show that he was evaluated for high blood pressure, there is no indication that any medication was issued, or further treatment was necessary. (Id.). Moreover, Defendant did not mention hypertension or sleep apnea to the United States Probation Office when interviewed for his Pre-Sentence Report. (Doc. No. 45 at 11). In any event, even assuming Defendant suffers from hypertension and sleep apnea, Defendant has failed to establish that these medical conditions make him more susceptible to serious health problems if he were to contract COVID-19. Moreover, Defendant is receiving attentive care at his institution where his conditions are monitored by medical staff.

Additionally, Defendant has twice refused the COVID-19 vaccine. Thus, Defendant has

-5-

Case 3:20-cr-00147-MOC-DCK   Document 64   Filed 07/01/22   Page 5 of 7

voluntarily declined to "provide self-care" and mitigate his risk of a severe COVID-19 infection as contemplated by U.S.S.G. § 1B1.13, application note 1.

Defendant also argues for early release so he can support his mother, who suffers from bad knees, back problems, heart problems, and high stress. Defendant has not shown, however, that he is the only person available to help with these issues, and this additional reason does not constitute an extraordinary and compelling reason to justify an early release.

Even if the Court were to find the existence of extraordinary and compelling reasons for release, this Court would decline to grant Defendant's motion in light of the applicable factors under 18 U.S.C. § 3553(a). Title 18, United States Code, Section 3553(a)(2), calls for a sentence to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; and to protect the public from further crimes of the defendant. Granting Defendant compassionate release at this point would result in him serving around 28 months, or only 23%, of his 120-month sentence. Such a sentence reduction would fail to afford adequate deterrence, promote respect for the law, and provide just punishment. The nature and circumstances of Defendant's offense warrant his full 120-month sentence of incarceration. His criminal conduct was repetitive and showed he had easy access to significant amounts of controlled substances, specifically methamphetamine. Additionally, the presence of multiple assault-style rifles present in his home demonstrates the dangerous nature of drug trafficking and the activities Defendant was involved in.

Nor do Defendant's history and characteristics warrant a reduction in his sentence. He was convicted of felony possession of marijuana in 2011. (Doc. No. 45 at 8). In this case, Defendant was distributing controlled substances, demonstrating his determination to engage in

illegal activity, despite already being convicted for a felony involving controlled substances. Finally, Defendant has had one infraction since being placed into BOP custody. On September 9, 2021, Defendant admitted to possessing a hazardous tool. (Gov't Ex. 2). To promote respect for the law, deter Defendant, deter others, prevent future crimes of Defendant, and provide adequate punishment, the Court finds that Defendant shall serve his justly imposed sentence.

### III. CONCLUSION

In sum, for all these reasons, the Court denies Defendant's motion. The Court notes that, in light of United States v. McCoy, the Court has made its own independent determination as to what constitute "extraordinary and compelling reasons" to warrant a reduction of sentence under Section 3582(c)(1)(A). Having thus considered Defendant's motion and reviewed the pleadings, the Court enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 57), is **DENIED**.

Signed: June 30, 2022

Max O. Cogburn Jr
United States District Judge